Meekness FAITH, Plaintiff-Appellant,

v.

Edwin F. RADIN and Fredda Radin,
Defendants-Appellees.

No. 80, Docket 27581.

United States Court of Appeals
Second Circuit.

Argued Oct. 31, 1962.

Decided Nov. 19, 1962.

Marion O. Jones, New York City, for
plaintiff-appellant.

Joseph F. Lenihan, of Barry, Treanor,
Shandell & Brophy, New York City, for
defendants-appellees.

Before CLARK, FRIENDLY, and
MARSHALL, Circuit Judges.

PER CURIAM.

Plaintiff, who was employed full time
by the defendants as a domestic, testified
that when a house fire broke out on August 11, 1954, while the defendants were
on vacation, she ran down the stairs from
her second floor room in response to the
fire alarm; but the house was so filled
with black smoke that she could not see,
and so missed the steps and fell. Her
action is for the personal injuries thus
sustained. It is her contention that the
fire was caused by a defective heater in
the "den," an outside porch which had
been converted into an enclosed room.
The jury found for the defendants.

The case was fairly tried below
and the jury's verdict was amply supported by the evidence. The several
claims raised by plaintiff on this appeal
are obviously unfounded. Thus there is
no basis for her request to charge that
she could not have been guilty of contributory negligence, her claim for workman's
compensation having failed because of her
ineligibility therefor. Further, Judge
Byers did not err in refusing to permit
the Building Code of Hempstead to be
read into the record and in declining
to charge that violation of the ordinance
was evidence of negligence. Defendants'
only possible violation of the Building
Code was their failure to obtain a Certificate of Occupancy from the Building Department of the town; plaintiff's claim

of improper setting of the heater is not supported by a showing of any ordinance regulating that matter. Since the conversion of the porch into a den was completed a year and a half before the accident, it is difficult to see any possible causal connection between failure to obtain a certificate at that time and the outbreak of the fire. Thus the judge committed no error in excluding the Building Code and denying the requested charge.

Affirmed.

Waterman, Circuit Judge, dissented in part.